## SUPREME COURT.

WILLIAM H. MACKINTOSH and others agt. JOSEPH FATMAN, survivor of SAMUEL MYERS, deceased.

Where on the dissolution of a *copartnership*, the retiring partners take a *bond* of indemnity of the remaining partner, with a surety, to pay all the partnership debts, &c , the landlord of the premises can not sustain an action on the bond for rent due from the partnership, or from the remaining partner. There is no privity of contract between the parties to the action.

*Special Term, October* 1869.

THE complaint alleges that Myers, Canfield & Son, as copartners, leased certain premises of plaintiffs for a term of years. The lease contained covenants on the part of the tenants to pay the rent. The premises were occupied by the partners.

During the term, Myers, Canfield & Son dissolved.

The Canfields sold out their interest in the partnership property and effects to Myers, and Myers entered into an agreement with the Canfields to pay and discharge the partnership debts and obligations.

At the time of making this agreement, the defendant, Fatman, jointly with Myers, executed a bond to the Canfields, (the retiring partners,) in the penal sum of fifty thousand dollars, with a condition that if the said Myers should well and truly assume and pay all the debts and liabilities of the said firm of Myers, Canfield & Son, and save harmless the Canfields from and against the same, the obligation was to be void, otherwise to remain in full force and virtue.

The complaint alleges that after the making of the bond, rent for the premises fell due to the plaintiffs, to the amount of $3,375.

That subsequent to the making of the bond, Myers died.

The action is brought on this bond by the plaintiffs, the landlord, against the defendant, Fatman, as the surviving obligor thereof, for the rent due and unpaid.

The defendant demurred to the complaint, and alleged as ground of demurrer that the complaint did not state facts sufficient to constitute a cause of action.

CHARLES H. SMITH, *for plaintiff.*
HOOPER C. VAN VORST, *for defendant.*

SUTHERLAND, J. Assuming that the rent is a debt or liability of the firm of Myers, Canfield & Co., I think that the complaint does not show a right in the plaintiffs to bring an action on the bond, and therefore, that it does not show a cause of action by the plaintiffs against the defendant.

The plaintiffs were not parties to the bond, and there is no privity of contract between them and the obligors, or the surviving obligor.

The case made by the complaint is not the case of A. promising B. to pay C. (a named, specified third party,) a certain specified sum of money.

There must be judgment for the defendant on the demurrer, with costs.